**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER 11 |
| **ZEROHOLDING, LLC** | ) | CASE NO. 22-56502-JWC |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| **ZEROHOLDING, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 23-05055-jwc |
| | ) | |
| **PREMIUM MERCHANT FUNDING 18, LLC** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO COMPLAINT

Defendant Premium Merchant Funding 18, LLC ("PMF"), by and through its undersigned counsel, files this Answer to Debtor's Complaint and Affirmative Defenses stating as follows:

### PARTIES, JURISDICTION AND VENUE

1.      PMF admits the allegations in Paragraph 1 of the Complaint.

2.      PMF admits the allegations in Paragraph 2 of the Complaint

3.      PMF admits the allegations in Paragraph 3 of the Complaint.

4.      PMF admits the allegations in Paragraph 4 of the Complaint.

5.      PMF admits the allegations in Paragraph 5 of the Complaint, but only to the extent that the accounts receivable purchased by PMF pre-petition are deemed property of the estate.

### PARTIES

6.      For want of sufficient information, PMF can neither admit nor deny the allegations in Paragraph 6 of the Complaint.

7.       PMF admits that it is a Delaware limited liability company with its principal place of business in New York and that it may be served by U.S. Mail via its registered agent at The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808. PMF denies the remaining allegations contained in Paragraph 7 of the Complaint.

## <u>GENERAL ALLEGATIONS</u>

8.       PMF admits the allegations in Paragraph 8 of the Complaint.

9.       PMF admits that Curepoint, LLC is a party to the Merchant Agreement attached as Exhibit "A" to the Complaint.

10.      PMF responds to Paragraph 10 of the Complaint by stating that the Merchant Agreement speaks for itself and denies any allegations inconsistent therewith.

11.      PMF responds to Paragraph 11 of the Complaint by stating that the Merchant Agreement speaks for itself and denies any allegations inconsistent therewith.

12.      PMF admits that Zeroholding, LLC was a recipient of a portion of the funds provided for in the Merchant Agreement.

13.      PMF responds to Paragraph 13 of the Complaint by stating that the Merchant Agreement speaks for itself and denies any allegations inconsistent therewith.

14.      PMF responds to Paragraph 14 of the Complaint by stating that the Merchant Agreement speaks for itself and denies any allegations inconsistent therewith.

15.      PMF denies that the Merchant Agreement does not provide for any risk of non-payment or risk of loss to PMF. PMF responds to the remainder of Paragraph 15 of the Complaint by stating that the Merchant Agreement speaks for itself and denies any allegations inconsistent therewith.

16.     PMF admits that Phillip Miles signed a Guaranty. PMF denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     PMF denies the allegations contained in Paragraph 17 of the Complaint.

18.     PMF denies the allegations contained in Paragraph 18 of the Complaint.

19.     PMF denies the allegations contained in Paragraph 19 of the Complaint.

20.     PMF denies the allegations contained in Paragraph 20 of the Complaint.

21.     PMF denies the allegations contained in Paragraph 21 of the Complaint.

22.     PMF denies the allegations contained in Paragraph 22 of the Complaint.

23.     PMF denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT I:
## CRIMINAL USURY

24.     PMF incorporates its responses to Paragraph 1 through 23 of the Complaint as if fully set forth herein.

25.     PMF denies the allegations contained in Paragraph 25 of the Complaint.

26.     PMF denies the allegations contained in Paragraph 26 of the Complaint.

27.     PMF denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT II:
## AVOIDANCE OF FRAUDULENT TRANSFERS UNDER §548

28.     PMF incorporates its responses to Paragraph 1 through 27 of the Complaint as if fully set forth herein.

29.     Paragraph 29 of the Complaint consists of a statement, not an allegation, to which no response is required. To the extent the Court requires a response, denied.

30.     PMF admits that it filed a proof of claim in the amount of $390,714.20 and that it has a security interest in Zeroholding, LLC's accounts receivable. PMF denies the remaining allegations contained in Paragraph 30 of the Complaint.

31.     PMF denies the allegations contained in Paragraph 31 of the Complaint.

32.     PMF denies the allegations contained in Paragraph 31 of the Complaint.

**COUNT III:**
**DETERMINATION OF SECURITY**
**INTEREST AND NATURE OF TRANSACTION**

33.     PMF incorporates its responses to Paragraph 1 through 32 of the Complaint as if fully set forth herein.

34.     PMF denies the allegations contained in Paragraph 34 of the Complaint.

35.     PMF denies the allegations contained in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint consists of a statement, not an allegation, to which no response is required. To the extent the Court requires a response, admitted.

37.     PMF admits that it did not file a UCC-1 Financing Statement in Nevada, but denies the remaining allegations contained in Paragraph 37 of the Complaint. By way of further answer, perfection of PMF's security interest in the accounts receivable it purchased actually occurred on attachment pursuant to UCC § 9-309 and no UCC Financing Statement needed to be filed in order to perfect its security interest in the accounts receivable it purchased.

38.     PMF denies the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint consists of a statement, not an allegation, to which no response is required. To the extent the Court requires a response, admitted.

40.     Paragraph 40 of the Complaint consists of a statement, not an allegation, to which no response is required. To the extent the Court requires a response, denied.

41.    PMF denies the allegations in Paragraph 41 of the Complaint.

## COUNT IV:
## RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 547

42.    PMF incorporates its responses to Paragraph 1 through 41 of the Complaint as if fully set forth herein.

43.    For want of sufficient information, PMF can neither admit nor deny the allegations contained in Paragraph 43 of the Complaint.

44.    Paragraph 44 of the Complaint consists of a legal conclusion to which no response is required. To the extent the Court requires a response, PMF denies the allegations in Paragraph 44 of the Complaint.

45.    Paragraph 45 of the Complaint consists of a legal conclusion to which no response is required. To the extent the Court requires a response, PMF denies the allegations in Paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint consists of a legal conclusion to which no response is required. To the extent the Court requires a response, PMF denies the allegations in Paragraph 46 of the Complaint.

47.    Paragraph 47 of the Complaint consists of a legal conclusion to which no response is required. To the extent the Court requires a response, PMF denies the allegations in Paragraph 47 of the Complaint.

48.    Paragraph 48 of the Complaint consists of a legal conclusion to which no response is required. To the extent the Court requires a response, PMF denies the allegations in Paragraph 48 of the Complaint.

49.    PMF denies the allegations contained in Paragraph 50 of the Complaint.

## COUNT V:
## RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

50.    PMF incorporates its responses to Paragraph 1 through 49 of the Complaint as if fully set forth herein.

51.    Paragraph 51 of the Complaint consists of a legal conclusion to which no response is required. To the extent the Court requires a response, PMF denies the allegations in Paragraph 51 of the Complaint.

52.    PMF denies the allegations contained in Paragraph 52 of the Complaint.

53.    PMF denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT VI:
## OBJECTION TO CLAIM

54.    PMF incorporates its responses to Paragraph 1 through 53 of the Complaint as if fully set forth herein.

55.    PMF denies the allegations contained in Paragraph 55 of the Complaint.

56.    PMF denies the allegations contained in Paragraph 56 of the Complaint.

57.    PMF denies the allegations contained in Paragraph 57 of the Complaint.

## COUNT VII:
## DISALLOWANCE OF CLAIM

58.    PMF incorporates its responses to Paragraph 1 through 57 of the Complaint as if fully set forth herein.

59.    PMF denies the allegations contained in Paragraph 59 of the Complaint.

**WHEREFORE**, PMF respectfully requests that this Honorable Court enter judgment in its favor and grant such other and further relief as this Court deems just and property considering the facts and circumstances of this case.

## <u>AFFIRMATIVE DEFENSES</u>

1.      The Court does not have jurisdiction to make any determinations (particularly lien priority determinations) related to the accounts receivable that were purchased by PMF because they are not property of the estate. The Debtor retained no legal or equitable interest in the accounts receivable it sold to PMF.

2.      The Trustee has failed to state a claim upon which relief can be granted because, among other issues, there was no transfer of an interest of the Debtor in property to PMF.

Respectfully submitted, this 7th day of June, 2023.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Taylor L. Dove*_____
Taylor L. Dove
Georgia Bar No. 993210
*Counsel for Defendant*

P.O. Box 9848
Savannah, Georgia 31412
T: (912) 236-0261
tdove@huntermaclean.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| **ZEROHOLDING, LLC** | ) CHAPTER 11 |
| | ) CASE NO. 22-56502-jwc |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| **ZEROHOLDING, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Proc. No. 23-05055-jwc |
| | ) |
| **PREMIUM MERCHANT FUNDING 18, LLC** | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the within and foregoing **ANSWER TO DEBTOR'S COMPLAINT** was served upon all parties of record to this matter by U.S. Mail and/or by the CM/ECF system which will send a notice of electronic filing to the following:

Office of the U.S. Trustee
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, #362
Atlanta, GA

Will B. Geer
Rountree, Leitman, Klein & Geer, LLC
2987 Clairmont Road, Ste. 350
Atlanta, GA 30329

This 7th day of June, 2023.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

*/s/ Taylor L. Dove*
Taylor L. Dove
Georgia Bar No. 993210
*Counsel for Defendant*

P.O. Box 9848
Savannah, Georgia 31412
T: (912) 236-0261
tdove@huntermaclean.com

Matters\4865-2544-4457.v1